# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2021

No. 20-10737
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Deborah Petty,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-498-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Deborah Petty was convicted by a jury of seven counts of identity theft and one count of aggravated identity theft. *United States v. Petty*, 810 F. App'x 293, 294 (5th Cir. 2020). In her initial appeal, we concluded that venue was proper, but we vacated the restitution award and forfeiture order

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10737

and remanded for resentencing. *Id.* at 294, 297. Appealing from the judgment entered after resentencing, Petty again challenges venue. The Government has filed an unopposed motion for summary affirmance based on the law of the case doctrine. In the alternative, the Government requests an extension of time to file a merits brief.

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks and citation omitted). We have previously decided that venue was proper in Petty's case, and Petty fails to demonstrate the applicability of any exception to the law of the case doctrine that might warrant reexamination of that conclusion. *See id.* Thus, as Petty concedes, her argument is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.